817 F.2d 102
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald PRYSOCK, Appellant,
v.
COUNTY OF SPARTANBURG; City of Spartanburg, a Political
subdivision, Appellees.
 No. 85-2269.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1987.
Decided April 17, 1987.
 
 Before SPROUSE and WILKINSON, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 Fletcher N. Smith, Jr. (Smith & Pauling, on brief), for appellant.
 William E. Walsh; Edwin Haskell (Thomas E. Walsh; Roy McBee Smith, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Ronald Prysock was arrested on September 8, 1983 for murder and armed robbery. He was held for five months without bond while awaiting trial. At trial, he was acquitted. He now seeks injunctive relief and $5 million in damages under Sec. 1983, claiming that he was wrongfully arrested and confined in violation of his Fourth and Fifth Amendment rights. The district court granted a directed verdict for the defendants, the City of Spartanburg and the County of Spartanburg, because the arrest was based on probable cause and because the arrest was not based on an official policy. We affirm on the ground that the arrest was based on probable cause without addressing the second issue.
 
 
 2
 The validity of Prysock's arrest does not hinge, of course, on whether he was ultimately convicted or acquitted. Baker v. McCollan, 443 U.S. 137, 145 (1979). Our duty as a reviewing court is simply to determine whether the magistrate had a substantial basis for finding probable cause. Massachusetts v. Upton, 466 U.S. 727, 732-33 (1984); Illinois v. Gate , 462 U.S. 213, 236 (1983). Here, the police had probable cause to arrest Prysock based on information supplied by two witnesses to the alleged crime, Frankie Haney and Connie Spencer. A magistrate reviewed the information and issued a warrant for Prysock's arrest. A grand jury returned a true bill of indictment against Prysock.
 
 
 3
 Prysock offers no reason why the magistrate acted unreasonably in relying on the testimony of Haney and Spencer. Prysock notes that Spencer later recanted her testimony, but that does not affect its apparent veracity at the time the magistrate issued the warrant, nor does it undercut the apparent veracity of Haney's testimony at that time. Indeed, Haney's testimony also implicated himself in the crime. Such declarations against interest strongly support a determination of probable cause. United States v. Harris, 403 U.S. 573, 583-84 (1971).
 
 The judgment of the district court is
 
 4
 AFFIRMED.